RECEIVED
IN MONROE, LA

OCT 1 - 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**UNITED STATES OF AMERICA**                    **Cr. No. 01-30042-01**

**VERSUS**                                                          **JUDGE ROBERT G. JAMES**

**ROBERT FOSTER**                                      **MAG. JUDGE KAREN L. HAYES**

### RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On December 11, 2001, Defendant Robert Foster ("Foster") pled guilty to conspiracy to

possess with the intent to distribute crack cocaine. Following Foster's plea, the United States

Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence

Report. The probation officer determined that Foster's range of imprisonment under the United

States Sentencing Guidelines ("the Guidelines") was 360 months-life. On April 12, 2002, the

Government filed a motion for departure from the then-mandatory Guidelines pursuant to 18

U.S.C. § 3553(e). The Court held a hearing on May 13, 2002, and sentenced Foster to 210

months imprisonment. A Judgment imposing that term of imprisonment was signed on May 15,

2002.

On November 1, 2007, the United States Sentencing Commission's ("the Sentencing

Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1,

Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent

to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally

1

reduces by two levels the base offense levels applicable to cocaine base or crack offenses under the Guidelines. On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review defendants potentially affected by those amendments. Foster was identified by the USPO as a person whose sentence might be subject to reduction.

The USPO provided the Court with revised Guidelines calculations based on the amendments to Section 2D1.1. The USPO originally determined that Foster was not eligible for a reduction in his term of imprisonment because he was sentenced as a career offender.

On April 4, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Foster. Based on the information provided by the USPO, the April 4, 2008 Order provided notice that the Court did not intend to reduce Foster's term of imprisonment. Finally, the April 4, 2008 Order required counsel to file within 60 days a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the USPO's revised calculations.

The Government and Foster have filed sentencing memoranda under seal. Foster pointed out that he was not sentenced under the Guidelines for career offenders, but was actually sentenced under the higher crack cocaine Guidelines. Thus, he argued that he was entitled to a

2

reduction in his sentence. He proposed a sentence of 169 months imprisonment, arguing that 169

months is a comparable reduction to the one given by the Court at his original sentencing

hearing.

After review, the Government notified the Court that Foster is correct that he was

sentenced under § 2D1.1 and thus is covered by the revisions to the crack cocaine Guidelines.

At the request of the Court, the USPO recalculated Foster's Guidelines and determined

that he is now subject to a term of imprisonment of 292-365 months.

## A. Analysis

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed
> except that-
>
> ...
>
> in the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the

sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir.

1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir.1994)). However, the statute requires

the Court to consider whether its proposed reduction is consistent with the Sentencing

Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. §

1B1.10 (effective March 3, 2008), which provides:

(b)      Determination of Reduction in Term of Imprisonment--

3

(1)　　In General.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2)　　Limitations and Prohibition on Extent of Reduction--

　　(A)　　In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

　　(B)　　Exception.--**If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.** However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(1)-(2) (emphasis added) (Supp. to the 2007 Guidelines Manual).

First, the Court finds that it has the authority under § 3582(c)(2) to reduce Foster's term

of imprisonment because he was "sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." Second, in this case,

a reduction to a term below the Guideline minimum is "consistent with applicable policy

4

statements issued by the Sentencing Commission" because the Court originally imposed a "term

of imprisonment . . . less than the term of imprisonment provided by the guideline range

applicable to the defendant at the time of sentencing" pursuant to 18 U.S.C. § 3553(e). Thus, the

Sentencing Commission policy contemplates that the Court may, in its discretion and after a

review of the appropriate considerations under § 3553(a), order Foster to serve a term of

imprisonment that is "comparably less than the amended guideline range."

In this case, the Court originally ordered Foster to serve a term of imprisonment of 210

months, a 58.3% reduction from his minimum Guideline term of 360 months. The Court finds,

upon review and consideration of the factors under § 3553(a), that it would have ordered a

comparable reduction under the now-revised crack cocaine Guidelines to 170 months, a 58.3%

reduction from the minimum Guideline term of 292 months.[1]

Having granted the relief requested by Foster, albeit one month less than he requested, the

Court need not address the remaining arguments in his memorandum.

## B.     Request for Hearing

Foster has also requested a hearing in this matter. As the Fifth Circuit has recognized, §

3582(c) motions can generally be decided without a hearing because the proceedings are limited

in scope and "not a second opportunity to present mitigating factors to the sentencing judge," but

"simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise

leniency to give certain defendants the benefits of an amendment to the Guidelines." *United*

---

[1]Both the Government and the Public Defender agree and have notified the Court that 170
months is a comparable reduction in Foster's term of imprisonment. However, Foster maintains
that he should receive an additional one month reduction to 169 months imprisonment. The
Court disagrees.

*States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). Federal Rule of Criminal Procedure 43(b)(4), also provides that a defendant need not be present for a "proceeding [that] involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."

The Court has been provided with sufficient information in the record and by the parties to reach a determination on Foster's reduction without the necessity of a hearing. Therefore, the hearing, currently set for October 6, 2008, is cancelled.

## C.   Conclusion

For the foregoing reasons, the Court determines that Foster is entitled to a reduction in his term of imprisonment to 170 months. The Court's Amended Judgment will issue separately.

MONROE, LOUISIANA, this _____1_____ day of ___October___, 2008

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE